UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:12-CR-00011-R

MELVIN S. MOORE                                                            Movant / Defendant

v.

UNITED STATES OF AMERICA                                  Respondent / Plaintiff

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court upon Movant Melvin Moore's pro-se motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, to which the United States has responded in opposition. Docket Entry Nos. (DN) 32 and 43. The Court referred this matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. DN 44.

Because, as part of a plea agreement, Movant knowingly waived his right to collaterally attack his sentence, he cannot raise claims of ineffective assistance of counsel that relate to counsel's performance after the guilty plea was entered. Accordingly, the Magistrate Judge RECOMMENDS that the Court DENY Movant's § 2255 motion (DN 32) and DENY a certificate of appealability.

### Background

In September, 2012, Movant pled guilty to one count of conspiracy and two counts of aiding and abetting to possess with intent to distribute cocaine base. In paragraph 12 of the plea agreement, Movant waived his right to file a § 2255 motion for claims of ineffective assistance of counsel:

> Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R.App. P. 4(b) and 18 U.S.C. § 3742, and (b) the contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 for ineffective counsel or otherwise.
>
>                                                                                     (Plea Agreement, DN 19 at ¶ 12).

In negotiating the plea agreement, the parties concluded that the Applicable Offense Level was 23. *Id.* at ¶ 11(A). The plea agreement further stated that Movant's criminal history would be determined in the future after completion of the presentence investigation, and that the parties reserved the right to object to the U.S.S.G. § 4A1.1 calculation of Movant's criminal history. *Id.* at ¶ 11(B). In exchange for the plea, the United States agreed to recommend a sentence and a fine at the low end of the applicable guidelines range and a 3-level reduction for acceptance of responsibility. *Id.* at ¶ 10.

In January, 2013, this Court adopted the PSR and sentenced Movant to a total term of imprisonment of 92 months, which, consistently with the plea agreement, was at the low end of the guidelines range of 92 to 115 months. DN 24 ¶ 86 and DN 27.

Movant then filed the present § 2255 motion, alleging that counsel was ineffective because he 1) failed to object to his criminal history category being calculated as a category VI, when it should have been I, 2) failed to investigate drug quantities and object to the drug weight, 3) failed to object that the sentencing guidelines are unreliable and unfair, and 4) failed to object to the non-application of the safety valve provision under U.S.S.G. § 5C1.2 in the PSR. DN 32.

### Claims 1, 3, and 4

Movant's first, third, and fourth claims allege post-plea ineffectiveness, particularly at sentencing. Because the Court finds that Movant knowingly and voluntarily waived his right to collaterally attack his conviction and sentence in connection with the plea, the Court does not reach the merits of these claims.

A "waiver of right to file a § 2254" provision of a plea agreement is legally enforceable so long as the movant entered into the plea agreement as a whole, including the waiver provision, in a voluntary, knowing, and intelligent manner. *Davila v. United States*, 258 F.3d 448 (6th Cir.2001).

In *Davila*, the movant claimed that his counsel ineffectively assisted him when he failed to move for a downward departure, failed to object to the use of the money laundering sentencing guideline, and failed to argue for the use of the fraud sentencing guideline. *Id.* at 451. The Sixth Circuit found that the movant waived his right to bring a § 2255 motion for ineffective assistance of counsel when he entered the plea agreement knowingly, intelligently, and voluntarily. *Id.* at 452.

In *Hunt v. United States*, Criminal Action No. 5:07-CR-22, 2012 WL 1567210 (W.D.Ky.), this Court determined that: "Implicit in this holding [*Davila*] was that the defendant's ineffective assistance of counsel claims at the sentencing phase did not affect the validity of the guilty plea." *Id.* at *2.

As in *Hunt*, Movant's "criminal history level [the basis of claim 1] was not incorporated into the plea agreement because it had not yet been determined. The plea agreement [¶ 11(B)] expressly stated that [the] criminal history level would be determined upon the completion of the pre-sentence investigation." *Id.*

Likewise, Movant's ineffectiveness claims due to failure to object to the reliability and fairness of the sentencing guidelines (claim 3) and non-application of the safety valve in the PSR (claim 4) relate to the "sentencing stage [and] have no bearing on whether he entered his guilty plea knowingly and voluntarily." *Id.* at *3.

Movant's first, third, and fourth ineffectiveness claims are waived for the reasons identified in *Hunt*.

**Claim 2**

In negotiating the plea agreement, the parties independently reviewed the sentencing guidelines and concluded, to their best judgment, that Movant's estimated base offense level was 26, and after a reduction of 3 levels for acceptance of responsibility, the total adjusted offense level would be 23. Plea Agreement, DN 19 at ¶ 11(A). An offense involving at least 28 grams but less than 112 grams of cocaine base has a base offense level of 26 pursuant to U.S.S.G. § 2D1.1(c)(7).

Movant's second claim is that counsel failed to investigate drug quantities and object to the drug weight – both "the drug weight listed in the plea agreement" and the drug weight given in the PSR. DN 32, p. 2.

Movant's argument, to the extent it alleges ineffective pre-plea conduct, does not fall within the scope of the waiver because, as *Hunt* acknowledged, "a § 2255 waiver does not bar challenges which go to the validity of the guilty plea itself, such as claims that a guilty plea or waiver was not knowing or voluntary, or was the product of ineffective assistance of counsel." *Hunt* at *2 citing *In re Acosta*, 480 F.3d 421, 422 n. 2 (6th Cir.2007).

To show that counsel was ineffective, Movant must show that counsel's advice to plead guilty was deficient and unprofessional and that, but for this poor advice, there is a reasonable probability that Movant "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Movant has failed to prove either prong of the *Hill* test. Movant states that counsel failed to investigate and independently verify the drug quantities alleged by the United States but never affirmatively claims that the offenses to which he pleaded guilty involved a total drug quantity of less than 28 grams.[1] Further, even if the total quantity was less than 28 grams, Movant has not proven that he would not have accepted the plea agreement anyway. According to the United States: "Arguably, Moore could have been held accountable for a much greater quantity of cocaine base since he told law enforcement agents that he had been selling cocaine base since 2009 at a rate of 4.5 grams a day. This concession was important because it protected Moore from facing a harsher sentencing guideline range than the 92-115 months that was calculated in this case." DN 43, p. 4.

Movant has not shown that counsel's advice to accept the United States' offer and plead guilty was ineffective.

---

[1] According to the PSR, the total drug quantity was 35.4 grams and 61.1 grams, respectively, of cocaine base. DN 24 at ¶ 19.

## Certificate of appealability

In the event Movant wishes to appeal any aspect of this Court's decision, he is required to obtain a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(b); Fed. R.App. P. 22(b). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." See Rule 11 of the Rules Governing Section 2255 Proceedings.

When a district court dismisses a petition on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, the recommendation will be to deny a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the Court DENY Movant's § 2255 motion (DN 32) and DENY a certificate of appealability.

## NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).